530
Nee)

FILED
07 AUG -8 PM 1:28

PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name ___CAMPOS  RALPH  WILLIAM_____
         (Last)            (First)            (Initial)

Prisoner Number ___#D-67345_____

Institutional Address ___PLEASANT VALLEY STATE PRISON, COALINGA, CALIFORNIA___

___P.V.S.P./ P.O. box 8504_____

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

___RALPH WILLIAM CAMPOS_____
(Enter the full name of plaintiff in this action.)

vs.

___JAMES A. YATES (WARDEN)_____

___CALIFORNIA ATTORNEY GENERAL_____

___(ie) THE STATE OF CALIFORNIA_____

(Enter the full name of respondent(s) or jailor in this action)

C 07 4067

Case No. _____
(To be provided by the clerk of court)

SBA

PETITION FOR A WRIT
OF HABEAS CORPUS

(PR)

E-filing

---

### Read Comments Carefully Before Filling In

**When and Where to File**

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

## STATEMENT OF CASE AND FACT'S

On January 20th. 2003, Petitioner was charged and convicted of P.C.§275.5 and P.C.§245(a)(1) and in the Amended complaint also charged with two prior serious or violent "Strikes"(P.C.§667(b-i), and P.C.§1170.12(a-d) arising out of a 1992, PLEA BARGAIN CASE, Case No.M246115. out of Stanislause County. (SEE Declaration of Ralph Williams Campos/Ehibit " A "), attached.

The trial court denied Mr. Campos's request to strike the enhancements for prior prison terms and strikes. The Court sentenced him to 25 years to life pursuant to 1994, Three Strike Law. Mr. Campos filed a timely Notice of Appeal, On this date the _____ of JULY _____, 200 7 , Appellant petition this court to file collatteral petition for Writ of Habeas Corpus, And order the Attorney General to "Answer", and "Appoint Counsel" and have herd within an Evidence hearing.

## DECLARATION OF RALPH CAMPOS[FACTS]

By Declaration of Mr. Ralph Campos and the Clerks transcript [Declaration-Exhibit "A"] attached, this prior a PLEA BARGAIN 1992, Conviction out of Stanislause County, used as a 3 STRIKES enhancement in the current conviction, Supra.

In the Declaration of Mr. Ralph Campos (Exhibit "A") he Declares that; As a part of the 1992 Plea Agreement and Waivers he was informed and promised that the Plea to the offence could and would be used against him in the future as an enhancement under current law, Which his counsel and the District Attorney stated would be a Penal Code §667.5(a-c) enhancement from 1 to 5 years, for any future felony, that he would have to serve up to 3

- 1 -

years of parole, and that these conditions of the Plea Bargain Agreement would not be raised. That he would serve the agreed upon term in state prison. That these were the full consequences, terms and conditions of the Plea Agreement. That these terms and due-process was violated when this prior Plea Agreement was used to enhance to 25 years to life.

## I.

A). THE TRIAL COURT ABUSED IT'S DISCRETION WHEN IT VIOLATED DUE-PROCESS GUARANTEES & TERMS OF A PRIOR 1992, NEGOTIATED PLEA AGREEMENT WHICH INFORMED DEFENDANT AS PART OF THE PLEA HE COULD FACE AN ENHANCEMENT PROVISION OF 1 TO 5 YEARS ADDED FOR ANY FUTURE FELONY [West's 1986 Penal Code §667.5(a-c), BY ALLOWING THOSE TERMS TO CHANGE AND USING THESE PRIORS AS AN ENHANCEMRNT UNDER THE 1994, THREE STRIKES LAW ENHANCEMENTS.

B). ALTERNATIVELY TRIAL COUNSEL IN THIS NEW CASE WAS INEFFECTIVE FOR NOT SEEKING "SPECIFIC PERFORMANCE" OF THE TERMS OF THE PRIOR PLEA AGREEMENT TO LIMIT THE ENHANCEMENTS TO 1 TO 5 YEARS (As Promised), IN THE INSTANT NEW CASE "VIOLATION OF P.C.§275.5 AND P.C.§245(a)(1), AND AFTER INVESTIGATION INTO THE PRIOR PLEA AGREEMENT.

## [INTRODUCTION]

Petitioner entered into a Plea Bargain Agreement & the "Waivers" in his 1992, Felony Conviction(s) (Case No.M246114) out of Stanislause County, California, Declaration of Ralph Campos Exhibit "A"). Petitioner Declares that State, Defence Counsel and "waivers" at sentencing, informed the Petitioner herein, that as a part of the full terms and consequences of the 1992, Plea, he would serve a term of imprisonment is State prison, 3 years of parole and as an additional consequence the felony conviction could and would be used against him in the future as an enhancement (should he be convicted of a new felony) for an additional 1 to 5 YEARS, BASED UPON PENAL CODE §667(a-c), as the total [Declaration/Exhibit "A"]. Petitioner believed, and was of the state of mind that none of the terms and consequences of the plea could be raised or violated, or he could withdraw his plea, as he had a good defence, at the time, Petitioner believes he completed his side.

- 2 -

The only proper remedy would be **specific Performance of Plea**, as to the enhancement provisions limiting term to 1 to 5 years, See Brown V. **Poole**, 337 F3d. 1155, 1160-1162 (9th.Cir. 2003) U.S. V. Blaylock, 20 F.3d. 1458-1469 (9th.Cir. 1994).

InBrown, a state prisoner pleaded guilty to second degree murder.

The State Courts and Federal District Court all denied her Habeas petitions seeking to **Enforce an Oral Plea Agreement**, We reversed and granted the writ ordering her immediate release, Holding that prisoner whose **oral Plea Agreement** called for her to be released in seven-and-a-half years if she did not incurr any disciplinary infractions was entitled to **Specific Enforcement**. Petitioner believes he should be entitled to **"Liberal Interpretation"** standards in this Plea violation under Boag V. McDougal 454 U.S.___, **Haines V. Kerner, 404 U.S.** ___, and that his factual allegations should be taken as true and an Hearing should be held pursuant to U.S. V. Blaylock, 20 F.3d. 1458,1465(1994)(collecting cases); Id.@1465,1468-69.

Finally Trial Counsel for the instant case should have adequately investigated the prior Plea Bargain 1992 convictions to determine that the Waivers and Agreements under the Law necessarily would have created a due process Guarantee that the defendant could only be charged with enhancement terms agreed upon, informed of, and by the current Law at the time, West Calif. Penal Code-1986 Ed. §667.5(a-c).

The Ninth Circuit stated; "Among the most egregious ommissions where counsel's failure to investigate from riggs Campos prior convictions."(Riggs V. Fairman, 178 F.Supp.2d. 1141(D.C. Cal. 2001; 339 F.3d. 1179,1183(9th.Cir 2005).

- 3 -

[ These two prior felonies were overlapping charged felonies for one single ]
[ crime and case number, which are now being used as seperate "strikes" even ]
[ though they were not seperated by "time and place".[see Cal. Penal Code ]
[ §654]. IN ]

1). DUE PROCESS GUARANTEES TO FUNDAMENTAL FAIRNESS IN PLEA BARGAINS:

The United States Supreme Court established standards for negotiating Pleas in BOYKIN V. ALABAMA (69),395 U.S. 208. In Boykin, Supra, The court eld that a negotiated guilty plea would not be eccepted **unless** there was affirmative evidence that the plea was not only voluntary, but futher concluded that the trial court must use the "utmost solicitude in convassing the matter with the accused to make sure he or she has a **FULL UNDERSTANDING** OF what the plea connotes and sure of **IT'S CONSEQUENCES.** In light of such standards the court's Have time and gain vacted, and forced compliance or **Specific Performance"** of pleas when defendant's have been able to show that they have been unfairly subjected to punishment terms in excess of that which was bargained for and he or she was informed of during plea negotiations. Brandy V. U.S. (70) 197 U.S. 142, 90 S.Ct. 1463. Moreover, Defence counsels have a duty to inform defendant's of all possible consequences of parole and future enhancements, as alleged herein, in addition to the courts duty of induring a full understanding. If counsel had failed to inform petitioner of all consequences and terms; such as these, under A.B.A. and N.L.A.D.A, rules anfd guidelines [Prevailing Professional Norms], this failure would amount to Ineffective assistance of counsel, and deny due process Guarantees to fairness.

This just such a claim herein, Although Petitioner performed his part of the Agreement, the new punishment in the new case, is in excess of what he expected in the 1992, for any new felony.

Perhaps led by the  UNITED STATES SUPREME COURT in Santobello V. New York (1971) 404 U.S. @ 262-263, negotiated pleas and compliance of the same, have been determined to be mandatory.

The Court went on to state:

> "...When a plea rest in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such a promise must be fulfilled.". Santobello at p.262.

In the spirit of Santobello-Supra, Federal Courts have required compliance with negotiated pleas, even to the point of ordering **"Specific Compliance"** by striking statutory mandate(s) of parole.

UNITED STATES [Baker] V. Finkbeiner (77) 551 F.2d. 180, Further stating:

> "[W]e do not find the imposition of a two year parole term to be an insignificant punishment¶ We therefore hold that Baker's guilty plea was fairly induced in violation of the due process Clause". Baker,Id-Supra @ p. 184.

**As to a remedy** the court stated:

> "[U]nder that circumstances of this case it would be unjust to simply vacate the guilty plea which would theoretically allow the state to reindict Baker, since he has already performed his side of the bargain, fundamental fairness demands that the state be compelled to adhere to the agreement as well".(citing Santobello, Id @ P. 265), Baker, Id. Supra.

The entire point of the writ is to provide "Swift and imperative remedy in all cases of illegal restraint or confinement" as the U.S. Ninth Circuit has repeatedly shown, Brown V. Poole, 337 F.3d. 1155,1162(9th.Cir. 2003)(Ordering Specific Performance or release), See Nunes, 350 F.3d. @1057; Blaylock, 20 F.3d. @1468(9th.Cir. 1994).

Petitioner through plea negotiations and plea bargain in 1992 was informed by counsel, The prosecutor, and the court through "Waivers" of rights, that this plea would count as a felony and could be used against him in the future as a 1 to 5 year enhancement by Agreement and by Law was assured, informed, that these terms could not be changed or raised, These terms were violated when this prior was used as enhancement to sentence him to 25 years to life.

- 5 -

2).   COUNSEL'S DUTY TO INFORM DEFENDANT OF ALL CONSEQUENCES SUPPORTS PETITIONER'S CLAIM THAT HE WAS DULY INFORMED OF THE 3 YEARS PAROLE, THE 1 TO 5 YEARS FUTURE RECIDIVIST ENHANCEMENT PROVISIONS WHICH WERE INCLUDED AS PART OF THE FULL CONSEQUENCES OF HIS PLEA, OR FAILURE TO INFORM WOULD HAVE AMOUNTED TO INEFFECTIVE ASSISTANCE OF COUNSEL...

The American Bar Association [ABA] and the Performance Guidelines for Criminal Defence Representation Promulgated by the National Legal Aid and Defender Association [NLADA]...Specifically designed for public defenders, defence attorneys, set forth standards of "objective reasonableness" under "prevailing professional norms" which affirms the Petitioner's "Declaration of Ralph Campos"-Exhibit "A", that petitioner as a part of the Plea Bargaining process was informed and promised that the reidivist provisions under Calf. Penal Code §667.5(a-c), West's 1986 Ed., a consequence of his plea would allpy as a part of his plea, in 1992, Obviously, had he been informed that it could later be changed to enhancements of 25 years to life, he would not have pled guilty.

Had Counsel so neglected to fully inform petitioner, these guide lines would have certainly meant that counsel's performance, fell below "prevailing professional norms" objective standards of reasonableness" of Alvernaz, 2 Cal.4th. @ 937-(reviewing ABA Guidelines), and Strickland, 466 U.S. 687.

**The ABA standards plainly state;**

"Defence counsel should conduct a prompt investigation of the circumstances of the case and "explore all facts relevant to merits of the case and penalty in the event of conviction. The investigation should included efforts to secure information in the possession of prosecution and Law enforcement authorities" [ABA standards for criminal justice, standard #4-4.1(a).]...

PETITIONER'S CASE DOSE SHOW IT IS REASONABLE THAT NOT ONLY WAS THE COUNSEL AND COURT TO INFORM PETITIONER AS A DEFENDANT ALL THE CONDITIONS THAT ARE OR WOULD BE IMPOSED AS RESULT OF THE PLEA AND SIGNING OF A CONTRACT [THAT] IN SUSH A LEGAL REQUIREMENT [HAD] INFORMED PETITIONER AS A PORTION OF HIS SENTENCE THESE CONDITIONS WOULD BE ENFORCED.

[AS] WELL PETITIONER ALTHOUGH IN AGREEMENT TO THE CONDITIONS AND SENTENCE DID [NOT] CARE TO BE REQUIRED TO SERVE ANY TIME IN STATE PRISON OR HAVE OTHER CONDITIONS IMPOSED WITHIN HIS SENTENCE, "BUT" THE PRISON SENTENCE AND ENHANCEMENT ARE THE PUNISHMENT AGREED UPON [TO] WHICH THE STATE AT NO TIME WOULD ALLOW PETITIONER TO BREAK ANY OF THOSE CONDITIONS AND WOULD CONSIDER PETITIONER VIOLATED THE PLEA AGREEMENT IF HE HAD, [THAT] THE STATE MAY NOT VIOLATE THE CONDITIONS IMPOSED PURSUANT THAT PLEA AGREEMENT CONTRACT AND THE LAW AT THE TIME THAT CONTRACT WAS MADE BETWEEN PETITIONER AND THE STATE OF CALIFORNIA.

## SUMMARY AND CONCLUSIONS

THE SUPERIOR COURT AND PETITIONER PERTAINING TO HIS PRIOR CONVICTION [DID] ENTER INTO THE INDICATED PLEA AGREEMENT CONTRACT, AND THE COURT NOW USING THAT CONVICTION IN EXCESS OF WHICH ENHANCEMENT PROVISIONS OR CONDITIONS WERE AGREED UPON OR WAS IMPOSED AS HIS PUNISHMENT.

THE CONDITIONS OF THIS CASE ARE CAUSE THAT PETITIONER'S SENTENCE [IS] CRUEL AND UNUSUAL PUNISHMENT, MERELY UNDER THE EXTENT THAT LENGTH OF SENTENCE FOR THE OFFENCE THE SENTENCE NOW HAS BEEN IMPOSED, AND COLLECTIVE ERROR CAUSING FACTS TO BE DETERMINED IN AN UNREASONABLE MANNER, ALLOWING EVIDENCE FROM PRIORS IN EVIDENCE PRODUCING VIOLATIONS OF BOTH EVIDENCE AND FACTS PRESENTED THAT PROVIDES REASONABLE CAUSE THIS COURT GRANT RELIEF PURSUANT FEDERAL STATUTES 28 U.S.C. 2254 (d)(2), AND 28 U.S.C. 2254 (d)(1).

[FURTHER] PETITIONER'S FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS OF LAW WAS VIOLATED WHEN THE COURT FAILED TO UP-HOLD IT'S END OF THE CONTRACT AND CONDITIONS IMPOSED PROVIDING WAS PORTION OF THE PUNISHMENT IMPOSED AND PROVISION OF LAW WHEN THE AGREEMENT WAS MADE TO MAKE THAT PUNISHMENT AND CONDITIONS IN EXCESS OF WHICH WAS AGREED UPON AND WAS REQUIRED UNDER THE LAW AT THAT TIME AND CHANGING LAW TO IMPOSE CONDITIONS IN EXCESS OF THOSE CONDITIONS.

[ALSO] DEPRIVING PETITIONER OF HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL [BOTH] AT TRIAL AND ON APPEAL [HAVING] BOTH AT TRIAL AND ON APPEAL COUNSEL WAS REQUIRED TO REQUEST ENFORCEMENT OF CONDITIONS WITHIN PRIOR CONTRACTS AND AGREEMENTS, AS WELL AS THE LAW REQUIREMENTS AT THE TIME THE CONTRACT WAS MADE.

A FINDING PETITIONER WAS INFORMED HE WOULD BE SUBJECT TO A ONE (1) OR A FIVE (5) YEAR ENHANCEMENT WAS REQUIRED BY THE COURT AND BOTH PROSECUTOR AND DEFENCE COUNSEL, OR AT THE TIME THE CONTRACT WAS MADE THE COURT, PROSECUTOR, AND COUNSEL WOULD HAVE BEEN VIOLATING PETITIONER'S RIGHTS TO DUE PROCESS IN [NOT] INFORMING PETITIONER OF ALL CONDITIONS OF THE PLEA CONTRACT [WHICH] WAS NOT THE CASE [THE] ENHANCEMENT PROVISIONS WERE INCLUDED AS INFORMED AND THEREFORE WERE A PORTION OF THE CONDITIONS AGREED UPON IN THAT AGREEMENT AND CONTRACT.

[THEREFORE] PETITIONER WAS RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BOTH AT TRIAL AND ON APPEAL VIOLATING HIS SIXTH AMENDMENT RIGHT UNDER AND WITHIN THE UNITED STATES CONSTITUTION.

WHEREFORE, PETITIONER PRAYS THIS HONORABLE COURT;

1. RULE PETITIONER'S SENTENCE IS IN EXCESS OF WHAT WAS AGREED UPON AND THE LAW FOR AND AT THE TIME PETITIONER'S CONVICTION WAS OBTAINED BY THE CONDITIONS AND THE LAW OF THAT PLEA AGREEMENT CONTRACT.

2. RULE THAT PETITIONER WAS RENDERED INEFFECTIVE ASSISTANCE OF EITHER OR BOTH DEFENCE COUNSEL AND OR ON APPEAL IN THE INSTANT CASE.

- 8 -

3.   THAT   IF   THE   COURT   FINDINGS   CONCLUDE   THE   ENHANCEMENT   PROVISIONS   OF PETITIONER'S CONVICTION OBTAINED BY THE PRIOR PLEA AGREEMENT HAD NOT INCLUDED THE ENHANCEMENT   PROVISIONS   AS   WAS   REQUIRED   BY   LAW   THAT   THAT   CONVICTIONS   BEING   IN VIOLATION OF PETITIONER'S DUE PROCESS RIGHT, AND THEREFORE WOULD NOT BE AN ADMISSABLE FOR THE USE BEING A VIOLATED CONTRACT.

4.   THAT   THIS   COURT   ORDER   PETITIONER   BE   RESENTENCED   TO   A   SENTENCE   ONLY PROVIDING THE ENHANCEMENTS PROVISIONS OF PRIOR AGREEMENT AND THE LAW AND ENHANCEMENTS AT THE TIME THAT AGREEMENT HAD BEEN MADE [EXCLUDING] THAT CONVICTION FORM THE THREE STRIKES LAW SENTENCING PROVISIONS.

THAT THIS COURT RULE, IMPOSE ANY CONDITIONS OR RELIEF THAT THIS COURT FINDS APPROPRIATE.

### V E R I F I C A T I O N

I RALPH WILLIAM CAMPOS  DECLARE UNDER PENALTY OF PERJURY, THAT I AM THE PETITIONER AND HAVE READ THE FOREGOING DOCUMENTS AND CONTENTS THEREOF AND THE SAME IS TRUE OF BY OWN KNOWLEDGE AND BELIEFS AS TO THOSE MATTERS I BELIEF TO BE TRUE.

EXECUTED ON THIS _____, DAY OF _____, AT PLEASANT VALLEY STATE PRISON.

x_____

, RALPH WILLIAM CAMPOS.

PETITIONER IN PRO SE.

<u>Who to Name as Respondent</u>

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack was entered.

A. <u>INFORMATION ABOUT YOUR CONVICTION AND SENTENCE</u>

    1. What sentence are you challenging in this petition?

        (a)    Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

SUPERIOR COURT OF CALIFORNIA        STANISLAUS COUNTY

        Court                             Location

        (b)    Case number, if known  1 9 4 5 8 4

        (c)    Date and terms of sentence 01/20/1999, 25YEARS TO LIFE

        (d)    Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.)     Yes <u>XXX</u>    No _____

        Where?

        Name of Institution: PLEASANT VALLEY STATE PRISON,

        Address: P.O. BOX 8504, COALINGA, CALIFORNIA 93210

    2. For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

COUNT ONE, P.C. §275.5, COUNT TWO, P.C. §245, sub. (a)(1).

3. Did you have any of the following?

    Arraignment:                         Yes __XX__      No _____

    Preliminary Hearing:            Yes __XX__      No _____

    Motion to Suppress:            Yes _____      No __XX__

4. How did you plead?

    Guilty _____    Not Guilty __XX__    Nolo Contendere _____

    Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

    Jury __XX__    Judge alone_____    Judge alone on a transcript _____

6. Did you testify at your trial?          Yes _____    No _____

7. Did you have an attorney at the following proceedings:

| | | | | |
|---|---|---|---|---|
| (a) | Arraignment | Yes __XX__ | No _____ |
| (b) | Preliminary hearing | Yes __XX__ | No _____ |
| (c) | Time of plea | Yes _____ | No _____ |
| (d) | Trial | Yes __XX__ | No _____ |
| (e) | Sentencing | Yes __XX__ | No _____ |
| (f) | Appeal | Yes __XX__ | No _____ |
| (g) | Other post-conviction proceeding | Yes _____ | No __XX__ |

8. Did you appeal your conviction?        Yes __XX__    No _____

    (a)    If you did, to what court(s) did you appeal?    ONE & TWO

          Court of Appeal           Yes __XX__    No _____

          Year: __?__    Result:__DENIED_____

          Supreme Court of California    Yes __XX__    No _____

          Year: __?__    Result:_____DENIED_____

          Any other court           Yes _____    No __XX__

          Year: _____    Result:_____

    (b)    If you appealed, were the grounds the same as those that you are raising in this

petition?      Yes __XX__    No_____

(c)   Was there an opinion?      Yes __XX__    No_____

(d)   Did you seek permission to file a late appeal under Rule 31(a)?

                              Yes _____    No_XX_

If you did, give the name of the court and the result:

     CALIFORNIA SUPERIOR COURT, STANISLAUS COUNTY

_____

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?      Yes _XX_    No_____

[Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. §§ 2244(b).]

(a)   If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I.   Name of Court: __STANISLUS SUPERIOR COURT__

     Type of Proceeding: __WRIT FOR HABEAS CORPUS__

     Grounds raised (Be brief but specific):

     a. __VIOLATION OF PRIOR PLEA AGREEMENT CONTRACT__

     b. __ABUSE OF DISCRETION, VIOLATING HIS EIGHTH AMENDMENT XX IMPOSING CRUEL AND UNUSUAL PUNISHMENT__

     d. __VIOLATION OF HIS SIXTH AMENDMENT INEFFECTIVE ASSIT,__

     Result: __DENIED__             Date of Result:_____

II.   Name of Court: __CALIFORNIA COURT OF APPEAL FIFTH DIS.__

     Type of Proceeding: __WRIT OF HABEAS CORPUS__

     Grounds raised (Be brief but specific):

a. VIOLATION OF PRIOR PLEA AGREEMENT CONTRACT

b. ABUSE OF DISCRETION, VIOLATING HIS EIGHTH AMENDMENT

c. IMPOSING CRUEL AND UNUSUAL PUNISHMENT.

d. VIOLATION OF HIS SIXTH AMENDMENT, INEFFECTIVE ASSIT,

Result: DENIED          Date of Result: 12/21/06

III.    Name of Court: CALIFORNIA SUPREME COURT

Type of Proceeding: WRIT OF HABEAS CORPUS

Grounds raised (Be brief but specific):

a. VIOLATION OF PRIOR PLEA AGREEMENT CONTRACT

b. VIOLATION OF HIS SIXTH AMENDMENT RIGHT TO BE

c. PROVIDED WITH EFFECTIVE ASSISTANCE OF COUNSEL

d. VIOLATION OF HIS FOURTEENTH AMENDMENT RIGHT TO
   DUE PROCESS OF LAW
Result: _____ DENIED _____ Date of Result: 06/13/07

IV.    Name of Court: _____

Type of Proceeding: _____

Grounds raised (Be brief but specific):

a. _____

b. _____

c. _____

d. _____

Result: _____ Date of Result: _____

(b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

Yes _____     No _____

Name and location of court: _____

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to
support each claim. For example, what legal right or privilege were you denied? What happened?
Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS          5

1  need more space. Answer the same questions for each claim.

2  [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3  petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5  Claim One: PETITIONER WAS DENIED DUE PROCESS OF LAW, PROVIDING THE

6  CONTENDED GROUNDS FOLLOWING:

7  Supporting Facts: THE PROVISION OF EFFECTIVE OF COUNSEL AND THE COURT

8  _____ BEING REQUIRED TO ABIDE BY THE COUNTRACTS AND LAW AS

9  TO THE DATE AND PRIOR COURT PROCEEDINGS.

10 _____

11 Claim Two: THE VIOLATED THE PRIOR PLEA AGREEMENT CONTRACT MADE WITH

12 PETITIONER AND USED ENHANCEMENT PROVISIONS IN EXCESS OF WHICH THE
   COURT AND PETITIONER AGREED UPON AND THE LAW AT THAT TIME.
13 Supporting Facts:_____

14 ____ THE COURT MADE AN AGREEMENT CONTRACT WITH PETITIONER THAT WAS

15 TO SUBJECT HIM TO ONLY A ONE (1) OR (5) YEAR ENHABCEMENT FOR ANY

16 FUTURE FELONY CONVICTIONS AND WAS REQUIRED TO INFORM PETITIONER OF
   ALL CONDITIONS HIS AGREEMENT WOULD SUBJECT HIM TO AS RESULT OF.
17 Claim Three:_____

18 ____ PETITIONER'S SENTENCE AS A LIFE SENTENCE WITHOUT ANY REAL POSSIBLE

19 PAROLE IS CRUEL AND UNUSUAL PUNISHMENT VIOLATING HIS EIGHTH AMEND.
   Supporting Facts:_____

20 AS THE CALIFORNIA COURT'S AND PRISON SYSTEM HAVE DEVISED A MANNER IN

21 WHICH TO IMPOSE A SENTENCE THAT EXCEEDS A NATURAL LIFE SENTENCE AS

22 IMPOSED FOR THE CHARGE OF MURDER, THE THREE STRIKES PROVISIONS FOR

23 THE SMALLEST CRIME IMPOSES REAL LIFE WITHOUT PAROLE.
   If any of these grounds was not previously presented to any other court, state briefly which

24 grounds were not presented and why:

25 DUE PROCESS IS A GIVEN AND NATURAL CONCLUSION POSING ANY CLAIM THAT THE

26 PETITIONER WAS RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL AS WELL AS

27 ANY KRXXX CLAIM THE THERE WAS A LACK OF THE COURT'S LEGAL PROCEDURAL

28 REQUIREMENTS.

PET. FOR WRIT OF HAB. CORPUS

1    List, by name and citation only, any cases that you think are close factually to yours so that they

2  are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3  of these cases:     ((2006),

4    IN RE: DAVIS, U.S. NO. CV-02-01186, NO. 05-55164/IN RE: DURAN, DJDAR 128,

5    NO. CIV. S0305 LKK/JFM(2002)/IN RE: SANTOBELLO, IN RE: [BAKER] (77) 551 F.2d.

6    180. IN RE: BROWN, 279 F.3d. 742 (9th Cir. (2002)./IN RE: BOYKIN (69) 395
     208./IN RE: CUNNINGHAM,/IN RE: BLAYLOCK./IN RE: RIGGS./IN RE: BRADY.

7  Do you have an attorney for this petition?                      Yes____    No XX

8  If you do, give the name and address of your attorney:

9  _____

10    WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11  this proceeding.  I verify under penalty of perjury that the foregoing is true and correct.

12

13  Executed on   9-2-2007              *Ralph William Campos*

14          Date                          Signature of Petitioner
                                          RALPH WILLIAM CAMPOS.
15                                        PETITIONER IN PRO SE.

16

17

18

19

20  (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS          7

# Exhibit A

DECLARATION OF RALPH W. CAMPOS

I RALPH W. CAMPOS, DO SOLEMNLY DECLARE THAT IN THE YEAR OF 1992,:

I HAD ENTERED INTO A PLEA BARGAIN CONTRACT WITH THE STATE COURT OF CALIFORNIA, SUPERIOR COURT, COUNTY OF STANISLAUS, AND THAT FOR WHICH I HAD AGREED TO SERVE A TERM IN STATE PRISON, AND THAT FURTHER I WOULD BE REQUIRED TO SERVE A THREE (3) YEAR PAROLE TERM, AND THAT I WOULD BE SUBJECT TO ENHANCEMENT PURSUANT TO P.C.§667.5(a-c). TO THE NOTION THAT IF I SUFFERED ANY NEW FUTURE FELONY CONVICTIONS, THAT I WOULD BE SUBJECT TO A FIVE (5) YEAR ENHANCEMENT I WERE TO BE CONVICTED OF A SERIOUS OR VIOLENT FELONY, AND IF I WERE TO BE CONVICTED OF A NON-SERIOUS OR NON-VIOLENT OFFENCE I WOULD BE SUBJECT TO A ONE (1) YEAR ENHANCEMENT.

THIS AGREEMENT CONTRACT WAS MADE CLEAR BY AND TO ALL PARTY'S WITH INTEREST TO CASE NO.M246115., AND IT WAS ADVISEMENT BY COUNSEL FOR THE DEFENCE AND MADE CLEAR BY THE PROSECUTING ATTORNEY THAT ALL THESE CONDITIONS BE FULLY CLEAR TO THE PETITIONER IN THE COURT AT THE TIME THE AGREEMENT WAS BEING MADE, TO THE EXTENT THAT EACH OF THE TERM AND CONDITIONS AS WELL AS FUTURE ENHANCEMENTS, WERE EXPRESSED BY WORD OF MOUTH, AND ASKED IF I AS THE DEFENDANT WAS IN AGREEMENT TO ALL THOSE TERMS AND CONDITIONS, I FURTHER DECLARE THAT THE INDICATED PLEA AGREEMENT CONTRACT CONVICTION WAS USED TO ENHANCE THE PETITIONER'S SENTENCE TO 25 YEARS TO LIFE IN PRISON, IN THE SENTENCING PROVISION OF THE THREE STRIKES LAW, IN THE PETITIONER'S CASE AT BAR. CASE NO.194584.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE 12-10-06

X _Ralph William Campos_
RALPH WILLIAMS CAMPOS

P L A I N T I F F S

P L A I N T I F F S

# Exhibit A ✝

SUPERIOR COURT, STATE OF CALIFORNIA, COUNTY OF STANISLAUS

PEOPLE OF THE STATE OF CALIFORNIA VS. RALPH WILLIAM CAMPOS

PLAINTIFF                                    DEFENDANT

NATURE OF HEARING: **PETITION FOR WRIT OF HABEAS CORPUS**   No.   194584

JUDGE: NANCY E. ASHLEY       Bailiff: NONE       Date:   11/17/06
Clerk: V.Ramirez             Reporter: NONE      Modesto, California
APPEARANCES:   NONE

The court has reviewed Petitioner's "amended" Petition for Writ
of Habeas Corpus, finding it varied only slightly from the prior
petition that was denied on 10-18-06.

The court again denies the Petition, rejecting Petitioner's claim
of breach of contract and reiterating that such issues could have
and should have been raised on appeal.

For purposes of clarification, this court, in its prior denial,
stated "Respondent's Writ in unintelligible in part...," meaning
that portions of the Petition were not capable of being
understood or comprehended.  The court did not establish that
"the Petitioner is that of a unintelligible manner;" "the
Petitioner is unintelligible;" nor that he is an "unintelligible
writer."

Based on the above, the Petition is denied.

cc:  Ralph Williams Campos D-67345
     P.V.S.P. FACILITY D
     P.O. Box 8504
     Coalinga, CA 93210-8504

MINUTE ORDER

SUPERIOR COURT, STATE OF CALIFORNIA, COUNTY OF STANISLAUS

PEOPLE OF THE STATE OF CALIFORNIA VS. RALPH WILLIAM CAMPOS
            PLAINTIFF                                   DEFENDANT

NATURE OF HEARING:  PETITION FOR WRIT OF HABEAS CORPUS    No.   194584

JUDGE: NANCY E. ASHLEY    Bailiff: NONE    Date:   10-19-06
Clerk: V.Ramirez    Reporter: NONE    Modesto, California
APPEARANCES:  NONE

    After reviewing petitioner's writ of habeas corpus and all accompanying documentation, the court denies the petition for the following reasons stated:

The court finds petitioner is challenging his sentence, an issue already addressed and rejected on appeal. Respondent's Writ is unintelligible in part, making reference to a written plea agreement, although the Petitioner was convicted by a jury. Petitioner makes a veiled claim of Ineffective Assistance of Counsel, offering no supporting facts to constitute a prima facie case for relief. That notwithstanding, any such issues could have and should have been raised on appeal.

cc:   Ralph William Campos CDC# D-67345
      P.V.S.P./Facility -D
      P.O. Box 8504
      Coalinga, CA  93210-8504

# Exhibit B

IN THE

# Court of Appeal of the State of California

IN AND FOR THE

## Fifth Appellate District

COURT OF APPEAL
FIFTH APPELLATE DISTRICT
FILED

DEC 2 1 2006

LEISA V. BIGGERS, CLERK/ADMINISTRATOR
By_____
Deputy

In re

RALPH WILLIAMS CAMPOS,

On Habeas Corpus.

F051809

BY THE COURT*:

The "Petition For Writ Of Habeas Corpus" filed on December 12, 2006, is denied.

_____ P.J.

*Before Ardaiz, P.J., Gomes, J. and Hill, J.

//

Name  RALPH WILLIAMS CAMPOS

Address  P.V.S.P./D-FAC

POST OFFICE BOX 8504

COALINGA, CALIFORNIA 93210-8504

CDC or ID Number  D - 6 7 3 4 5

CALIFORNIA COURT OF APPEALS

APPELLATE DISTRICT, FIFTH
(Court)

| RALPH WILLIAMS CAMPOS | PETITION FOR WRIT OF HABEAS CORPUS |
|---|---|

RALPH WILLIAMS CAMPOS
Petitioner

vs.

JAMES A. YETES(WARDEN)
Respondent

No. _____

*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS—READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Form Approved by the
Judicial Council of California
MC-275 [Rev. July 1, 2005]                    **PETITION FOR WRIT OF HABEAS CORPUS**                    Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 60(a)

American LegalNet, Inc.
www.USCourtForms.com

I

**This petition concerns:**

☐ A conviction                    ☐ Parole

☒ A sentence                      ☐ Credits

☐ Jail or prison conditions       ☐ Prison discipline

☐ Other (specify): _____

1. Your name: RALPH WILLIAMS CAMPOS

2. Where are you incarcerated? PLEASANT VALLEY STATE PRISON, COALINGA, CALIFORNIA

3. Why are you in custody? ☒ Criminal Conviction   ☐ Civil Commitment

   *Answer subdivisions a. through i. to the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   WILLFUL INFLICTION OF CORPORAL INJURY AND ASSAULT BY MEANS OF FORCE
   LIKELY TO PRODUCE GREAT BODILY INJURY.

   b. Penal or other code sections: COUNT 1. §275.5,  COUNT 2. §245.subd. (a)(1).

   c. Name and location of sentencing or committing court: CALIFORNIA SUPERIOR COURT STANISLAUS
   COUNTY, CALIFORNIA

   d. Case number: 1 9 4 5 8 4

   e. Date convicted or committed: _____

   f. Date sentenced: (01-20-1999)

   g. Length of sentence: 25 YEARS TO LIFE (EFFECTIVELY LIFE WITHOUT PAROLE)

   h. When do you expect to be released? I DO "NOT" EXPECT TO EVER BE RELEASED.

   i. Were you represented by counsel in the trial court? ☒ Yes.   ☐ No. If yes, state the attorney's name and address:

   DANIEL JOHNSON, (DEPUTY PUBLIC DEFENDER).

4. What was the LAST plea you entered? *(check one)*

   ☒ Not guilty   ☐ Guilty   ☐ Nolo Contendere   ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   ☒ Jury   ☐ Judge without a jury   ☐ Submitted on transcript   ☐ Awaiting trial

**PETITION FOR WRIT OF HABEAS CORPUS**

II

8. Did you appeal from the conviction, sentence, or commitment?    [X] Yes.    [ ] No. If yes, give the following information:

   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

   CALIFORNIA COURT OF APPEALS, FIFTH APPELLATE DISTRICT

   b. Result  DENIED                                    c. Date of decision:  02-29-2000

   d. Case number or citation of opinion, if known:  F032675

   e. Issues raised: (1) VIOLATION OF PETITIONER'S RIGHT TO DUE PROCESS OF LAW

      (2) VIOLATION OF PETITIONER'S RIGHT TO EQUAL PROTECTION UNDER THE LAW.

      (3) INSUFFICIENT EVIDENCE, COURT'S ABUSE OF DISCRETION TO NOT STRIKE
          A PRIOR CONVICTION AS A STRIKE.

   f. Were you represented by counsel on appeal? [X] Yes. [ ] No. If yes, state the attorney's name and address, if known:

   DANIEL JOHNSON (DEPUTY PUBLIC DEFENDER).

9. Did you seek review in the California Supreme Court? [X] Yes [ ] No. If yes, give the following information:

   a. Result  Denied                                b. Date of decision:  Denied

   c. Case number or citation of opinion, if known:

   d. Issues raised:  (1)

      (2)

      (3)

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

   THE REASON NOT A CLAIM ON APPEAL, THAT IT WAS NOT ESTABLISHED THAT THE

   COURT'S MUST ABIDE BY CONTRACTS MADE UNDER PLEA AGREEMENTS TO DEFENDANTS

11. Administrative Review:

   a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

   b. Did you seek the highest level of administrative review available? [X] Yes. [ ] No.
      *Attach documents that show you have exhausted your administrative remedies.*

MC-275 (Rev. July 1, 2005)

**PETITION FOR WRIT OF HABEAS CORPUS**

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

THE COURT VIOLATED THE PRIOR PLEA AGREEMENT BETWEEN PETITIONER AND THE COURT FROM YEAR 1992, BY THE USE OF THAT PRIOR TO ENHANCE PETITIONER'S INSTANT CASE AT BAR, AND COUNSEL ALLOWING THE COURT TO GO UNINFORMED THAT IT IS BARED FROM THE USE OF THAT CONVICTION BECAUSE OF THE LAW AND NOTICE GIVEN TO APPLY ONLY TO WHAT WAS AGREED UPON WITHIN THAT PLEA BARGAIN AGREEMENT.

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at *what time (when)* or *place (where).* *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

COURT PROSECUTOR AND THE COURT, AND DEFENCE COUNSEL INFORMING PETITIONER OF ALL THE TERMS AND CONDITIONS OF THAT PLEA AGREEMENT, HAD MADE CLEAR THAT PETITIONER WAS TO RECEIVE A TERM IN PRISON, 3 YEARS OF PAROLE, AND IN THE EVENT THAT I WOULD SUFFER A NEW, AND FUTURE FELONY CONVICTION I WOULD BE SUBJECT TO ONE OF TWO POSSIBLE ENHANCEMENTS, IN PURSUANT TO P.C.§667.5(a-c), AND IF I WERE TO A FUTURE AND NEW VIOLENT AND OR SERIOUS FELONY CONVICTION I AS A RESULT OF THE 1992, PLEA AGREEMENT I WOULD BE ENHANCED BY FIVE (5) YEARS, AND IF IN THE FUTURE I SUFFER A NEW NON-VIOLENT AND OR NON-SERIOUS FELONY CONVICTION I WOULD BE ENHANCED BY A ONE (1) YEAR ENHANCEMENT, AND NO OTHER ENHANCEMENTS WERE PART OR INCLUDED IN THAT AGREEMENT AND SO THE COURT IS IN VIOLATION OF CALIFORNIA CONTRACT LAWS BY THE USE OF THAT CONVICTION OBTAINED THROUGH A PLEA AGREEMENT CONTRACT, BETWEEN THE COURT AND PETITIONER. RULING CASES, STAFFORD B. DAVIS V. WOODFORD, (2002)No.CV-02-01186,No.05-55164

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

SANTOBELLO V. NEW YORK, 404 U.S. 257 (1971).

RICKETTS V. ADAMSON, 483 U.S. 1 (1987) U.S.C.§2254(d)(1).

RIGGS V. FAIRMAN, 178 F.Supp.2d. 1141(D.C. Cal. 2001; 339 F.3d.1179,1183(9th. Cir. 2005)., BROWN V. POOLE,337 F.3d. 155,1160-1162(9th.Cir. 2003

U.S. V. BLAYLOCK, 20 F.3d. 1458-1469(9th.Cir. 1994)

7. Ground 2 or Ground _____ (if applicable):

THE 25 TO LIFE SENTENCE CONSTITUTES AN ABUSE OF DISCRETION, BECAUSE THE SENTENCE VIOLATES CLEARLY ESTABLISHED FEDERAL PRECEDENT, AND IS IN VIOLATION OF THE PETITIONER'S EIGHTH AMENDMENT RIGHT TO BE PROTECTED FROM SENTENCES THAT CONSTITUTE AND IMPOSE CRUEL AND UNUSUAL PUNISHMENT, AND THAT ARE EXCESSIVE PUNISHMENTS, AND

a. Supporting facts:

THAT REVIEW IS REQUIRED FOR THE DETERMINATION OF THE ESTABLISHMENT OF PARAMETERS FOR THE UNREASONABLE DISPROPORTIONATE SENTENCE IMPOSED BEING EFFECTIVELY CRUEL AND UNUSUAL PUNISHMENT, THEREOF, THE COURT IN DURAN, BOOKER, AND BLACKLY, HAVE ESTABLISHED THAT SUCH SENTENCES IMPOSED ARE GROSS DISPROPORTANT TO THE COMMITTED OFFENCES AND CONSTITUTE CRUEL AND UNUSUAL PUNISHMENT.

THE COURT FAILED TO ESTABLISH THE MENTAL STATE OF MIND AS REQUESTED BY THE PETITIONER, IN HIS PETITION FOR WRIT OF HABEAS CORPUS FILED WITH THE STATE COURT UNDER INEFFECTIVE ASSISTANCE OF COUNSEL, IN SO MUCH CONSTITUTING AN ABUSE OF THE COURTS DISCRETION, AND IS FAILING THE STANDARD OF WELL ESTABLISHED FEDERAL LAW, AND IN VIOLATION OF THE PETITIONER'S FIFTH AMENDMENT RIGHT TO DUE PROCESS OF LAW, AND THAT THE USE OF A SENTENCE UNDER THE THREE STRIKES LAW AS MANDATORY MAXIMUM IS ALSO A VIOLATION OF A THE PETITIONER'S RIGHT TO A JURY TRIAL, AND UNDER ONLY THE LACK OF USING A PRIOR OFFENCE AS AN ISSUE, BUT JUST THE SENTENCE THAT CAN NOT BE LESS UNDER THE THREE STRIKES LAW AND THE SENTENCING PROVISIONS WITHIN THE LAW. THEREFORE IMPOSING A SENTENCE OF 25 TO LIFE AS A MANDATORY SENTENCE IS A VIOLATION OF THE PETITIONER'S SEVENTH AMENDMENT RIGHT TO A TRIAL BY JURY.

b. Supporting cases, rules, or other authority:

RICHARD MARTIN DURAN Vs. ROY CASTRO, 2002 DJDAR 128, No.CIV.S00305 LKK/JFM (2002).

BLAKELY Vs. WASHINGTON, UNITED STATES SUPREME COURT (No.02-1632.2004).

UNITED STATES Vs. BOOKER, UNITED STATES SUPREME COURT, (No.04-104, 2005).

STOGNER Vs. CALIFORNIA, UNITED STATES SUPREME COURT, (No.01-1757, (2003).

GROUND THREE,

APPELLATE WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL, AS GUARANTEED BY THE
SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 15 OF
THE CALIFORNIA CONSTITUTION.

a. Supporting facts:

The Sixth Amendment guarantees a criminal defendant charge with a serious
crime the right not merely to counsel, but to effective assistance of counsel.
(United States V. Cronic (1984) 466 U.S. 648,654, 104 S.Ct.2039,2044, 80 L.Ed.2d
657.). Any other interpretation of that right would permit a serious risk of
injustice to infect criminal trials.(Cuyler V. Sullivan (1980) 446 U.S. 335,343,
100 S.Ct. 1708,1715, 64 L.Ed.2d. 333) "Absent competent counsel, ready and able to
subject the prosecution's case to the 'crucible of meaningful adversarial testing,'
To establish ineffective assistance of counsel, a defendant must demonstrate that
(1) counsel's representation was deficient in falling below an objective standard
of reasonableness under prevailing professional norms, and (2) counsel's deficient
representation subjected appellant to prejudice, i.e., there is reasonable probability
that but for counsel's failings, the result would have been more favorable to the
petitioner. (Strickland V. Washington (1984) 466 U.S. 668,687; People V. Dennis
(1998) 17 Cal.4th. 468,540-541;In re Jones(1996) 13 Cal.4th. 552,561; In re Neely
(1993) 6 Cal.4th. 901,908-909; In re Wilson (1992) 3 Cal.4th. 945,950) A reasonable
probability is a probability sufficient to undermine confidence in the outcome.
counsel's failure to investigate petitioner's prior offence as being from a plea
bargain in 1992 that bars it from being used as a strike in the new california
three strikes law sentencing provision.

b. Supporting cases, rules, or other authority:

(Strickland, Supra, 466 U.S. @ PP.690-691; in re Jones
(1996.) 13 Cal.4th. 552,564-565; People V. Shaw (1984) 35 Cal.3d. 535,541;
Frierson, Supra, 25 Cal.3d.@p. 163; People V. Sanders (1990) 221 Cal.App.3d.350,385
-386; People V. Jackson (1980). 28 Cal.3d. 264,340.) In re,(investigations and
failure; (Strickland, Supra, 466 U.S. @ pp.690-691, 104 S.Ct. @ p.2066; In re Jones
Supra, 13 Cal.4th. @ 564-565; see also Frierson, Supra, @ p. 162-163; People V.
Sanders,Supra, @ pp. 385-386, and Williams V. Washington, supra 59 F.3d.573,680).

Petitioners case <u>dose</u> show cause he "was entered into the plea agreement as indicated within petitioners information".

That the petitioner has good cause to raise the issue his sentence constitutes cruel and unusual punishment under the ruling made after the petitioners appeal was over.

### S U M M A R Y   A N D   C O N C L U S I O N S

The Superior court had entered into the indicated plea and is required to resentence the petitioner as agreed upon within that court plea agreement contract, and that the sentence imposed constitutes cruel and unusual punishment.

Wherefore, petitioner prays that this honorable court;

1. reduce the and or remand the defendant to the sentence required under the plea agreement made with the petitioner/defendant and the law at the time that said agreement was made in and before this court, and that good cause dose exist to commute the petitioners sentence, that he will not suffer cruel and unusual punishment.

### V E R I F I C A T I O N

I <u>RALPH WILLIAM CAMPOS</u>  declare under penalty of perjury, that I am the declarant have read the foregoing documents and contents thereof and the same is true of my own knowledge and beliefs as to those matters I believe to be true.

Executed on this 10th   day of December 2006        , at Pleasant Valley State prison.

X *Ralph William Campos*

RALPH WILLIAM CAMPOS

- 10 -

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court?  [X] Yes. If yes, continue with number 13.  [ ] No. If no, skip to number 15.

13. a. (1) Name of court:  UNITED STATES DISTRICT COURT, CALIFORNIA EASTERN DISTRICT

   (2) Nature of proceeding (for example, "habeas corpus petition"):  WRIT OF HEABES CORPUS

   (3) Issues raised: (a)  STATE COURT'S FAILURE TO FOLLOW WELL ESTABLISHED FEDERAL LAW.

   (b) VIOLATION OF PETITIONER'S FEDERALLY PROTECTED RIGHTS.

   (4) Result (Attach order or explain why unavailable):  DENIED

   (5) Date of decision:  07-21-2005

   b. (1) Name of court:  UNITED STATES CIRCUIT COURT, FOR THE NINTH CIRCUIT.

   (2) Nature of proceeding:  APPEAL OF DISTRICT COURT'S DENIAL OF HEABES PETITION.

   (3) Issues raised: (a)  VIOLATION OF PETITIONER'S FEDERALLY PROTECTED RIGHTS.

   (b) PETITIONER WAS UNABLE TO PROCEED WITHOUT LEGAL ASSISTANCE.

   (4) Result (Attach order or explain why unavailable):  DENIED

   (5) Date of decision:  04-21-2006

   c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)

16. Are you presently represented by counsel?  [ ] Yes.  [ ] No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court?  [ ] Yes.  [ ] No. If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

   LOWER COURT'S FAILURE TO APPLY WELL ESTABLISHED FEDERAL LAW.

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: December 10th, 2006

▶ Ralph William Campos
(SIGNATURE OF PETITIONER)

MC-275 [Rev. July 1, 2005]    PETITION FOR WRIT OF HABEAS CORPUS

# Exhibit B ✝

**ARRAIGNMENT:**

**P.M. AUG 2 8 1992**   ☑ Defendant present ☐ not present ☑ with/without by attorney _____ DDA _____

**P.M. AUG 2 8 1992**   ☑ Arraignment and advisement of Constitutional Rights ☑ given ☐ waived. ☐ First Amended

☐ Book and Release at Jail/Womans Facility

☐ Defendant present ☐ not present ☐ with/without/by attorney _____ DDA _____

**P.M. AUG 2 8 1992**   ☑ Appointed (Public Defender-Conflict Attorney-Private Counsel. ☑ Defendant advised that upon the conclusio case the Court would conduct a hearing to determine the defendant's then ability to pay for all or any part of the appointed counsel, and that defendant may be ordered to pay all or that part of said costs within defendant's al pay and that such order could be enforced as a civil judgment.

**P.M. OCT 0 8 1992**   ☑ Counsel discharged because of conflict – Conf. I - appt.     PD

**P.M. AUG 2 8 1992**   ☑ Plea of NOT GUILTY all counts entered. Prior convictions ☐ denied ☐ admitted.    ROGER M. BEAUCHESNE

**P.M. AUG 2 8 1992**   ☑ Preliminary pretrial scheduled. ☑ Preliminary Examination scheduled. ☐ 1551 Hearing Set
ROGER M. BEAUCHESNE
JUDGE: _____ CLERK: Murray REPORTER: _____ INTERPRETER: _____

**PRELIMINARY EXAMINATION:**

_____ _____ ☐ Defendant present ☐ with attorney _____ DDA _____

_____ _____ ☐ Preliminary examination held. ☐ waived. ☐ Continued. Judge _____

_____ _____ ☐ Defendant present ☐ with attorney _____ DDA _____

_____ _____ ☐ Further Hearing held.

_____ _____ ☐ Defendant held to answer for Counts _____

_____ _____ ☐ Case transferred to Superior Court and defendant ordered to appear there on _____

_____ _____ ☐ Charges for which defendant not held to answer dismissed and defendant discharged.

_____ _____ ☐ Charges declared to be misdemeanors on ☐ Court's motion ☐ District Attorney's motion

_____ _____ ☐ Defendant consenting thereto (for further proceedings see misdemeanor docket form attached).

_____ _____ ☐ Other orders of the Court:

_____ _____ _____

_____ _____ _____

JUDGE: _____ CLERK: _____ REPORTER: _____ INTERPRETER: _____

**PLEA OF GUILTY/CHANGE OF PLEA:**

**P.M. SEP 0 8 1992**   ☑ Defendant present ☑ with/without/by attorney Carlton _____ DDA Alvarez

**P.M. SEP 0 8 1992**   ☐ On motion of District Attorney complaint amended to add COUNT _____, violation of _____

☑ Defendant requests, and is granted. permission to withdraw previous NOT GUILTY plea and/or pleads ☐ nolo contendere to COUNT I, II and/or pleads ☐ guilty ☐ nolo contendere to a violation o stipulated by the parties to be a lesser included offense within COUNT _____

☐ Based upon defendants plea of nolo contendere, the Court finds the defendant guilty of count(s) _____

_____ _____ ☐ Plea pursuant to Peo. vs West. ☐ Harvey waiver as to Case/Counts _____

_____ _____ ☐ Charges to which defendant pleads GUILTY declared to be misdemeanors on ☐ Court's motion ☐ Attorney's motion ☐ defendant consenting thereto. (For further proceedings see misdemeanor docket form att

☐ On motion of District Attorney Court orders Case/Count _____ dismissed_____

**P.M. SEP 0 8 1992**   ☐ Prior convictions _____ ☑ Enhancement Stricken/A

**P.M. SEP 0 8 1992**   ☑ Defendant advised of, understood, and orally, expressly, personally, explicitly, intelligently, and knowingly all the following rights; his privilege against self-incrimination, the right to jury trial, and the right to confronta cross-examination of the witnesses against him. After questioning defendant the Court determined that he und the nature of the charge, the elements of the offense, the pleas available thereto, the possible defenses ther possible range of penalties and other consequences of his plea (including the effect of the admission of a convictions).

**P.M. SEP 0 8 1992**   ☑ Presentence report ordered. Defendant referred to Probation Department.    **120**

**P.M. SEP 0 8 1992**   ☑ Defendant certified to Superior Court and ordered to appear there on Oct 6, 1992 @ 8:3 Dept. B
ROGER M. BEAUCHESNE
JUDGE: _____ CLERK: Murray REPORTER: ReReiter INTERPRETER: _____

2001-146L

– 15 –

# Exhibit C

S149391

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re RALPH WILLIAMS CAMPOS on Habeas Corpus

The petition for writ of habeas corpus is denied. (See *In re Robbins* (1998) 18 Cal.4th 770, 780.)



SUPREME COURT
FILED

JUN 1 3 2007

Frederick K. Ohlrich Clerk

DEPUTY

**GEORGE**

Chief Justice

Name  RALPH WILLIAMS CAMPOS

Address  P.V.S.P./D-2/108

POST OFFICE BOX 8504

COALINGA, CALIFORNIA, 93210-8504

CDC or ID Number  D-67345

MC-275

**SUPREME COURT**
# FILED

JAN 1 0 2007

**Frederick K. Ohlrich Clerk**

Deputy

CALIFORNIA SUPREME COURT

SAN FRANCISCO CALIFORNIA

(Court)

RALPH WILLIAMS CAMPOS
Petitioner

vs.

JAMES A. YATES, ET, AL. (WARDEN)
Respondent

PETITION FOR WRIT OF HABEAS CORPUS

No. **S 1 4 9 3 9 1**

*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS—READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

RECEIVED

JAN 1 0 2007

CLERK SUPREME COURT

Form Approved by the
Judicial Council of California
MC-275 [Rev. July 1, 2005]

PETITION FOR WRIT OF HABEAS CORPUS

Page one of six

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 60(a)

American LegalNet, Inc.
www.USCourtForms.com

This petition concerns:

- [ ] A conviction
- [X] A sentence
- [ ] Jail or prison conditions
- [ ] Other (specify):

- [ ] Parole
- [ ] Credits
- [ ] Prison discipline

1. Your name: RALPH WILLIAMS CAMPOS

2. Where are you incarcerated? PLEASANT VALLEY STATE PRISON, COALINGA, CALIFORNIA

3. Why are you in custody? [⊗] Criminal Conviction   [▨] Civil Commitment

Answer subdivisions a. through i. to the best of your ability.

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

WILLFUL INFLICTION OF CORPORAL INJURY AND ASSAULT BY MEANS OF FORCE
LIKELY TO PRODUCE GREAT BODILY INJURY.

b. Penal or other code sections: COUNT ONE, P.C.§275.5, P.C.§245.subd.(a)(1).COUNT TWO.

c. Name and location of sentencing or committing court: SUPERIOR COURT OF CALIFORNIA COUNTY OF STANISLAUS.

d. Case number: 1 9 4 5 8 4

e. Date convicted or committed:

f. Date sentenced: (01-20-1999)

g. Length of sentence: 25 YEARS TO LIFE (EFFECTIVELY LIFE WITHOUT PAROLE).

h. When do you expect to be released? I AM NOT EXPECTING TO BE RELEASED UNDER THIS SENTENCE)

i. Were you represented by counsel in the trial court?   [XX] Yes.   [ ] No. If yes, state the attorney's name and address:
DANIEL JOHNSON, (DEPUTY PUBLIC DEFENDER).

4. What was the LAST plea you entered? (check one)

[X] Not guilty   [ ] Guilty   [ ] Nolo Contendere   [ ] Other:

5. If you pleaded not guilty, what kind of trial did you have?

[X] Jury   [ ] Judge without a jury   [ ] Submitted on transcript   [ ] Awaiting trial

GROUND ONE,

THE SENTENCING COURT IN THIS MATTER HAS VIOLATED PETITIONER'S RIGHT'S UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION THAT GUARANTEES HIM DUE PROCESS OF LAW AND VIOLATED A PRIOR PLEA BARGAIN MADE BETWEEN THE STATE AND PETITIONER, THAT FACTUALLY LIMITS THE ENHANCEMENT OF ANY FUTURE ENHANCEMENT'S THAT THAT THE COURT MAY IMPOSE FOR THAT PRIOR CONVICTION, AS ENHANCEMENT'S.

a. Supporting facts:

THE POINT THAT CALIFORNIA CONTRACT LAW WAS ALSO IN VIOLATION WHEN THE COURT USED AND IMPOSED A GREATER SENTENCE ENHANCEMENT FOR THE PRIOR PLEA AGREEMENT AND CONTRACT FROM CASE NO. M246115, IN THE YEAR OF 1992, THE STATE COURT SUPPORTS THE FACT THAT THIS ISSUE COULD HAVE AND SHOULD HAVE BEEN A SUPPORTED ISSUE BY THIS PETITIONER'S COUNSEL NOT ONLY ON APPEAL BUT AT TRIAL AS WELL, AND HAVING THE TRIAL COURT SUPPORT THAT COUNSEL WAS INEFFECTIVE BY NOT PRESENTING THIS FACT AS AN ISSUE ON APPEAL, SUPPORTS THAT THE COURT OF APPEALS HAS ALSO SUPPORTS THE SAME FACT THAT COUNSEL WAS CLEARLY INEFFECTIVE, AND IT IT WELL WITHIN PETITIONER'S RIGHT TO BRING THIS ISSUE BEFORE THE COURT BECAUSE IT IS A FACT THAT AS THE STATE COURT SUPPORTS PETITIONER'S CONTENTION THAT THE COURT DID VIOLATE THE CONTRACT AND PLEA AGREEMENT BETWEEN THE STATE AND PETITIONER. AND THAT THE COURT SAW THAT PETITIONER'S CLAIM IS VALID AND WOULD BAR THE COURT FROM THE USE OF THE 1992 PLEA AGREEMENT CONTRACT WOULD BAR THE COURT FROM IMPOSING MORE THAN, ONE TO TWO YEAR ENHANCEMENT FOR THE NEW CONVICTION.

AS THE COURT MAY GRANT RELIEF UNDER IN PURSUANT TO U.S.C. § 2254 (d)(1). THAT IS A PROVISION THAT ALLOWS THE COURT TO GRANT A PETITIONER RELIEF WHEN THERE IS A FACT THAT DEFENDANT HAS BEEN CONVICTED OR SENTENCED BY AN UNREASONABLE DETERMINATION OF FACTS, AND JUST SUCH A VALID DETERMINATION THAT THE FACT WITHIN THIS CASE ARE UNREASONABLE, AND FAILURE OF DUE PROCESS OF LAW.

b. Supporting cases, rules, or other authority:

SEE COURT'S RULING THAT THIS ISSUE SHOULD HAVE BEEN RAISED ON APPEAL AND WHICH THE COURT FAILED TO ESTABLISH THAT IT SHOULD HAVE ALSO BEEN A FACT RAISED BY THE PETITIONER'S DEFENCE COUNSEL AT TRIAL. THE CALIFORNIA APPELLATE COURT IN IT'S OWN RULING ONLY SUPPORTS THE TRIAL COURT'S RULING THAT COUNSEL WAS DEFECTIVE AND IT IS CLEAR INEFFECTIVE IN PETITIONER'S DEFENCE. (VIOLATION OF PETITIONER'S RIGHT TO DUE PROCESS). (SEE EXHIBIT (A+)-(B+)-(A)-(B)-(C). AND (D).

7. Ground 2 or Ground _____ (if applicable):

PETITIONER WAS DEPRIVED OF HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE
ASSISTANCE OF COUNSEL GUARANTEED BY THE UNITED STATES CONSTITUTION.
TRIAL COURT CONTENDS THAT COUNSEL ON APPEAL SHOULD HAVE BEEN EFFECTIVE ENOUGH TO
ENTER THIS ISSUE, SO VALIDATES THAT COUNSEL WAS INEFFECTIVE.

a. Supporting facts:

PETITIONER, LIKE ALL CRIMINAL DEFENDANT'S ENJOY THE CONSTITUTIONAL
RIGHT SECURED BY THE SIXTH AMENDMENT OF THE UNITED STATES
CONSTITUTION, TO THE EFFECTIVE ASSISTANCE OF DEFENCE COUNSEL, AND CLEARLY
ESTABLISHED FEDERAL LAW, ANNOUNCED BY THE UNITED STATES SUPREME COURT IN SEVERAL
CASES ie, STRICKLAND V. WASHINGTON (1984) 455 U.S. 688,690-693, U.S. V. CRONIC
(1984) 466 U.S. 654; POWELL V. ALAMABA (1932) 287 U.S. 45; CUYLER V. SULLIVAN,
(1980) 446 U.S. 335,343. DEFENCE COUNSEL FAILED OVER AND OVER TO INVESTIGATE
PETITIONER'S PRIOR PLEA AGREEMENT CONTRACT MADE BETWEEN THE STATE AND PETITIONER
THAT WAS USED TO ENHANCE THE PETITIONER'S SENTENCE IN THIS NEW CASE UNDER THE
THREE STRIKES LAW SENTENCING PROVISION. AND IF COUNSEL WAS EFFECTIVE HE WOULD HAVE
DEMANDED THAT THE COURT LIMIT THE PETITIONER'S SENTENCE TO BE ENHANCED TO ONLY
THAT OF WHAT WAS AGREED UPON AND WHAT WAS LAW AT THE TIME THAT THE COURT MADE THE
PENAL 667.5(a-c) OF 1 TO 5 YEARS AS IT NOT ONLY WAS THE LAW IN 1992 BUT AS THE
REQUIREMENT OF THE COURT AND COUNSEL TO INFORM PETITIONER OF ALL OF WHICH HE
WOULD BE SUBJECT TO IF HE WAS TO ACCEPT THIS SAID PLEA AGREEMENT CONTRACT.
THEREFORE, COUNSEL FAILED TO FORCE THE COURT TO ABIDE BY PETITIONER's PRIOR PLEA
AGREEMENT AND AFFIRMS DEFENCE COUNSEL FALL BELOW ALL ASPECTS OF REASONABLE
PROFESSIONAL NORMS, AND OBJECTIVE STANDARDS OF REASONABLENESS.

b. Supporting cases, rules, or other authority:

ALVERNAZ 2 Cal.4th. at 937- (REVIEWING ABA GUIDELINES), AND STRICKLAND, 466 U.S.
687. STANDARDS OF CRIMINAL JUSTICE STANDARD #4-4(a).]...
UNREASONABLE DETERMINATION OF FACTS U.S.C.§2254(d)(1).
DUE PROCESS OF LAW FOURTEENTH AMENDMENT UNITED STATES CONSTUTION.
RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL SIXTH AMENDMENT UNITED STATES CONSTITUTION.

(SEE EXHIBITS (A)(A+)(B)(B+)(C) AND (D))

8. Did you appeal from the conviction, sentence, or commitment?  ☒ Yes.  ☐ No. If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):
CALIFORNIA COURT OF APPEALS, FIFTH APPELLATE DISTRICT.

b. Result  DENIED                    c. Date of decision:  02-29-2000

d. Case number or citation of opinion, if known:  F032675

e. Issues raised:  (1) VIOLATION OF PETITIONER'S RIGHT TO DUE PROCESS OF LAW

(2) VIOLATION TO PETITIONER'S RIGHT TO EQUAL PROTECTION UNDER THE LAW.

(3) INSUFFICIENT EVIDENCE, COURT'S ABUSE OF LEGAL DISCRETION, NOT STRIKING PRIORS

f. Were you represented by counsel on appeal?  ☒ Yes.  ☐ No. If yes, state the attorney's name and address, if known:
UNKNOWN

9. Did you seek review in the California Supreme Court?  ☒ Yes  ☐ No.  If yes, give the following information:

a. Result  DENIED                    b. Date of decision: UNKNOWN

c. Case number or citation of opinion, if known:  UNKNOWN

d. Issues raised:  (1) _____

(2) _____

(3) _____

'0. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

AS IN THIS PETITION THAT AND SUPPORT BY STATE RULING THAT PETITIONER'S COUNSEL

ON APPEAL SHOULD HAVE RAISED THESE ISSUES ON APPEAL AND IN THE SAME THAT PETITIONER'S COUNSEL BOTH AT TRIAL AND ON APPEAL WERE CLEARLY INEFFECTIVE.

11. Administrative Review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

b. Did you seek the highest level of administrative review available?  ☒ Yes.  ☐ No.
*Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or **issue** in any court? ☒☒☒ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.

13. a. (1) Name of court: DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA.

    (2) Nature of proceeding (for example, "habeas corpus petition"): PETITION FOR WRIT OF HABEAS CORPUS

    (3) Issues raised: (a) STATE COURT'S FAILURE TO FOLLOW WELL ESTABLISHED FEDERAL LAW.

      (b) VIOLATION OF PETITIONER'S RIGHT TO DUE PROCESS OF LAW

    (4) Result (Attach order or explain why unavailable): DENIED

    (5) Date of decision: 07-21-2005

  b. (1) Name of court: UNITED STATES CIRCUIT COURT, NINTH CIRCUIT.

    (2) Nature of proceeding: APPEAL OF DISTRICT COURT RULING IN DENIAL OF PETITION.

    (3) Issues raised: (a) UNABLE TO PROCEED LACK OF LEGAL ASSISTANCE.

      (b) VIOLATION OF WELL ESTABLISHED FEDERAL LAW.

    (4) Result (Attach order or explain why unavailable): DENIED

    (5) Date of decision: 04-21-2006 (SEE EXHIBIT (D) ADDITIONAL PETITION.)

  c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☒ No. If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court: LOWER COURT MAY HAVE BUT FAILED TO MAKE A REASONABLE RULING ON THE ISSUES WITH THE SAME FACTS IT USED TO MAKE THE RULING COUNSEL SHOULD HAVE RAISED THIS ISSUE.

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 1-7-2007

▶ Ralph Williams Campos
(SIGNATURE OF PETITIONER)

# Exhibit D

CALIFORNIA   COURT   OF   APPEALS

FIFTH   APPELLATE   DISTRICT

In re,

On Habeas;

RALPH WILLIAMS CAMPOS        )
         petitioner,         )
                             )
                             )
         Vs.                 )           Case No.
                             )
                             )
JAMES A. YATES, ET, AL.      )        P R O O F   O F   S E R V I C E
         respondent,         )


I HEREBY DECLARE THAT ON, 12-10-06_____, I SERVED THE FOLLOWING:


A COLLATERAL PETITION FOR WRIT OF HABEAS CORPUS/REQUEST APPOINMENT OF COUNSEL

EXHIBITS IN SUPPORT OF PETITION


BY PLACING SAID DOCUMENTS IN DEPOSIT FOR MAILING AT:


PLEASANT VALLEY STATE PRISON
P.O. BOX 8504
COALINGA, CALIFORNIA 93210

IN A FULLY PREPAID ENVELOPE ADDRESSED TO:


CALIFORNIA COURT OF APPEALS
FOR THE FIFTH APPELLATE DISTRICT
2525 CAPITOL STREET
FRESNO, CALIFORNIA 93721-2227

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND

CORRECT TO THAT OF WHICH IS OF MY KNOWLEDGE.


DATE 12-10-06_____

                              X Ralph Williams Campos
                              RALPH WILLIAMS CAMPOS

1    RALPH WILLIAMS CAMPOS T-90225

2    P.V.S.P./ D-FAC/2/108

3    P.O. BOX 8504

4    Coalinga, CA 93210-8504

5        In Pro Se

6

7        C A L I F O R N I A   C O U R T   O F   A P P E A L S

8    F O R   T H E   FIFTH   A P P E L L A T E   D I S T R I C T

9    In re:

10   RALPH WILLIAMS CAMPOS  )          CASE No._____
                   petitioner,  )
11                             )        REQUEST FOR APPOINTMENT
                               )        OF COUNSEL AND DECLARATION
12   On Habeas Corpus          )        OF INDIGENCY
                               )
13   JAMES A. YATES,(WARDEN )

14

15

16   I RALPH W. CAMPOS____, declare that I am the petitioner  to the above

17   referenced matter, that I am incarcerated at: Pleasant Valley Prison,

18   and that I am indigent and unable to afford counsel. My total assets

19   are $ 0.00___ and my income is $ 0.00___ per month.

20    I hereby request that counsel be appointed in this matter so that

21   my interests may be protected by the professional assistance required.

22

23

24        I declare under penalty of perjury that the foregoing is true

25        and correct.

26

27   Date 12-10-06

28   //
                          X _Ralph William Campos_
                            petitioner
                            RALPH WILLIAMS CAMPOS

# C A L I F O R N I A   S U P R E M E   C O U R T

## S A N   F R A N C I S C O ,   C A L I F O R N I A

RALPH WILLIAMS CAMPOS )
   PETITIONER, )

      Vs. )

JAMES A. YATES, ET, AL. )
   RESPONDENT, )

CASE NO.

P R O O F   O F   S E R V I C E
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I HEREBY CERTIFY THAT ON _____ I SERVED THE FOLLOWING DOCUMENTS:

COLLATERAL PETITION FOR WRIT OF HABEAS CORPUS PENAL CODE §1473 RULES

SUPPORTING EXHIBITS

BY PLACING SAID DOCUMENT IN THE DEPOSIT AT PLEASANT VALLEY STATE PRISON
   P.O. BOX 8504, COALING, CALIFORNIA 9 3 2 1 0 .

IN A PREPAID ENVELOPE ADDRESSED TO:

THE CALIFORNIA SUPREME COURT, 350 McALISTER STREET SAN FRANCISCO,
   CALIFORNIA 94102

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO

THE BEST OF MY PERSONAL KNOWLEDGE AND UNDERSTANDING.

DATE  1 - 7 - 2 0 0 7

x _Ralph Williams Campos_
RALPH WILLIAMS CAMPOS

HEARING DATE,      TIME,      DEPT,

RALPH WILLIAMS CAMPOS #D-67345
P•V•S•P•/D-2/108
P.O. BOX 85.4
COALINGA, CALIFORNIA 93210

CALIFORNIA SUPREME COURT

SAN FRANCISCO, CALIFORNIA

TO WHO IT MAY CONCERN!                                    1-7-2007
PLEASANT VALLEY STATE PRISON"

THE LAW LIBRARY LADY, ONLY AUTHORIZE THAT I
MAKE TWO COPIE PLUS MIND ORIGINAL ONE

                                        Ralph Williams Campos
                                            D-67345

                                        THANK YOU.

                    RECEIVED

                  JAN 1 0 2007

                CLERK SUPREME COURT


DATE 1-7-2007                          X Ralph Williams Campos
                                         RALPH WILLIAMS CAMPOS


HEARING DATE,            TIME,              DEPT,

A PRISONER CAN REQUEST _   AN ATTORNEY BY FILING
WITH THE COURT A SEPRATE DOCUMENT ENTITLED OF INDIGENCE
AND REQUEST FOR APPOINTMENT OF COUNSEL:A PRISONER SHOULD
ALSO REQUEST FOR APPOINTMENT OF COUNSEL IN THE PRAYER
FOR RELIEF"PORTION OF THE PETITION.

THE COURT MUST ENDORCE UPON THE PETITION THE HOUR AND DATE
OF IT'S FILING AND ACT ON IT WITHOUT DELAY..(31)
THE COURT MUST ACT ON A PETITION WITHIN(30)DAYS,THE
PETITIONER MAY TRY SENDING A LETTER TO DRAW THE ATTENTION
TO THE PROBLEM AND REMINDIND THE COURT OF IT'S DUTY TO ACT,
ALSO COURT RULES NOW STATE THAT AN ORDER TO SHOW CAUSE IS
DEEMED TO HAVE BEEN ISSUED IF THE COURT DOSE NOT TAKE ACTION
IN (30) DAY'S(33)

   (30)CRC,RULE 4.551(c)(2)

   (31) PENAL CODE §1476
   (32) ibid
   (33)CRC,RULE 4.551(a)(4)(B)AND(g).SEE PEOPLE V. ROMERO
        (1994( 8 cal rptr 4th 728,737[35 cal rptr.270]
(DISCUSSING SUMMARY DENIALS);IN REGARDS TO SCOTT 27 cal.app
.4th 946[33 cal rptr.27]



Ralph William Campos D-67345
Pleasant Valley State Prison D-2-108
P.O. Box 8504
Coalinga, CA 93210

$04.90

RECEIVED
AUG -- 1 2007

PRIORITY MAIL
www.usps.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
CLERK OF THE COURT
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CALIFORNIA 94102-3483

THIS MAIL GENERATED FROM
PLEASANT VALLEY STATE PRISON